UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARLON V. INMON,
    Petitioner,

v.                                            Case No. 8:20-cv-1814-KKM-TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS,
    Respondent.
_____

## ORDER

Marlon V. Inmon, a Florida prisoner, filed a pro se Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging his conviction based on alleged errors of the state courts and alleged failures of his trial counsel. (Doc. 3.) Having considered the petition, (*id.*), the response opposing the petition as time-barred, (Doc. 9), and the reply, (Doc. 12), the petition is dismissed as time-barred. Because reasonable jurists would not disagree, Inmon is also not entitled to a certificate of appealability.

I.     BACKGROUND

The State of Florida charged Inmon with one count of burglary of a dwelling with assault or battery and one count of robbery with a deadly weapon. (Doc. 9-2, Ex. 2.) A mistrial was declared in Inmon's first trial. (*Id.*, Ex. 1, doc. p. 8.) At the second trial, a state court jury convicted Inmon as charged. (*Id.*, Ex. 3.) The state trial court sentenced him to

1

concurrent terms of 20 years in prison. (*Id.*, Ex. 4.) The state appellate court per curiam affirmed the convictions and sentences, and denied Inmon's motion for rehearing. (*Id.*, Exs. 6 & 8.) Inmon's first motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 was denied. (*Id.*, Exs. 10 & 14.) The state appellate court per curiam affirmed. (*Id.*, Ex. 16.) Inmon's second postconviction motion was denied as untimely. (*Id.*, Exs. 20 & 21.) The state appellate court per curiam affirmed. (*Id.*, Ex. 23.)

## II. ANALYSIS

### A. The Petition's Untimeliness Under § 2244(d)

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Under the AEDPA, a federal habeas petitioner has a one-year period to file a § 2254 petition. This limitation period begins running on the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled for the time that a "properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

After affirming Inmon's convictions and sentences, the state appellate court denied Inmon's motion for rehearing on February 2, 2015. (Doc. 9-2, Ex. 8.) His judgment became final 90 days later, on May 4, 2015, when the time to petition the Supreme Court

of the United States for a writ of certiorari expired. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002).[1] After 289 days of untolled time passed, Inmon filed his first Rule 3.850 postconviction motion on February 18, 2016. (Doc. 9-2, Ex. 10.) The first postconviction motion remained pending until the state appellate court's mandate issued on August 2, 2019. (Doc. 9-2, Ex. 19.) When the AEDPA limitation period began running again, Inmon had 76 days, until October 17, 2019, to file his § 2254 petition.

Before this date, on September 16, 2019, Inmon filed a second postconviction motion. (Doc. 9-2, Ex. 20.) The state court denied the second motion as untimely. (*Id.*, Ex. 21.) In his second postconviction motion, Inmon raised an ineffective assistance of trial counsel claim. The state court found the ineffective assistance claim untimely under the limitation period established in Rule 3.850(b) and rejected Inmon's reason for not bringing the claim in his first, timely postconviction motion. (*Id.*)

Because the second postconviction motion was denied as untimely, it was not "properly filed" and had no tolling effect on the AEDPA limitation period. The Supreme Court has explained that a state court application for collateral review is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings" including "the time limits upon its delivery . . . ." *Artuz v. Bennett*, 531

---

[1] The ninetieth day, May 3, 2015, was a Sunday. Therefore, Inmon's judgment became final on Monday, May 4, 2015. *See* Fed. R. Civ. P. 6(a)(1)(C).

U.S. 4, 8 (2000). The Supreme Court has "expressly held that a state court motion for post-conviction relief cannot be considered 'properly filed' for tolling under Section 2244(d)(2) if the motion was untimely under state law." *Jones v. Sec'y, Fla. Dep't of Corr.*, 906 F.3d 1339, 1342 (11th Cir. 2018) (citing *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)). In other words, "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace*, 544 U.S. at 414 (citing *Carey v. Saffold*, 536 U.S. 214 (2002)).

Inmon filed no other tolling applications. Therefore, the AEDPA limitation period ran untolled from August 2, 2019, when the mandate issued affirming the denial of Inmon's first postconviction motion, until its expiration on October 17, 2019. Inmon's § 2254 petition, filed on August 7, 2020, is untimely under § 2244(d).[2]

Inmon asserts that his petition is timely under § 2244(d) because the state court incorrectly denied his second postconviction motion as untimely. When a state court determines that a motion is untimely, that determination is "the end of the matter" in determining timeliness under § 2244(d). *See Pace*, 544 U.S. at 414; *see also Jones*, 906 F.3d at 1350 ("[T]he state court ruled that the [state postconviction] motion was untimely, and we are required to defer to that ruling. . . . That necessarily means that the motion

---

[2] Inmon's original § 2254 petition was filed on August 7, 2020. For purposes of this order, the Court assumes that the amended petition, which was filed on August 25, 2020, relates back to the original filing date. *See* Fed. R. Civ. P. 15(c)(1).

4

wasn't 'properly filed,' and thus it didn't toll AEDPA's one-year statute of limitations."). There is nothing left for the federal court to do.

Inmon also asserts that his petition is timely under § 2244(d) because legal holidays toll the AEDPA limitation period. But when a period is stated in days or a longer unit of time, every day, "including intermediate Saturdays, Sundays, and legal holidays," is counted when calculating time. Fed. R. Civ. P. 6(a)(1)(B). Inmon's petition is untimely under § 2244(d).

### B. Actual Innocence

Inmon contends in his reply that he is actually innocent. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (permitting review of an untimely § 2254 petition if petitioner proves his actual innocence). To prove his actual innocence, Inmon must establish that in the light of new evidence, "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). The category of cases that satisfy this standard is "severely confined." *Perkins*, 569 U.S. at 394-95.

Inmon alleges that Denetra Hollis testified at his first trial that Inmon was with her when the crimes occurred and that the jury deadlocked, "thus, casting references of innocence." (Doc. 12, p. 4.) Inmon states that between his first and second trials, Hollis recanted her testimony "because Inmon opt[ ]ed to leave her to be with another girl." (*Id.*)

5

Inmon cites an interview Hollis gave with the Office of the State Attorney, in which Hollis allegedly stated that she lied at the first trial and that she did so because of pressure from Inmon's trial counsel. (*Id.*, pp. 4-5.)

Inmon states that Hollis did not testify at his second trial. Inmon appears to contend that Hollis's alibi testimony from the first trial is evidence of his actual innocence. Even if Hollis's testimony is considered new because it was not introduced at the second trial,[3] Inmon fails to show how the testimony establishes his actual innocence. Hollis's alibi testimony does not prove Inmon's actual innocence. Worse for Inmon, this very testimony was later recanted and Hollis admitted it was false. And Inmon has not demonstrated that it was Hollis's recantation, not her alibi testimony, that was false. Inmon fails to show that new evidence establishes his actual innocence to warrant consideration of his untimely § 2254 petition.[4]

---

[3] Circuits are split as to whether "new" evidence includes evidence that was available at the time of trial but was not introduced. In *Fontenot v. Crow*, 4 F. 4th 982 (10th Cir. 2021), the Tenth Circuit explained that some circuits have concluded that evidence is new for purposes of *Schlup* if it is "newly presented," while other circuits have determined that evidence is new only if it is "newly discovered through due diligence." *Id.* at 1031-32. *Fontenot* adopted the "newly presented" approach, holding that "any reliable evidence not presented to the jury at [Petitioner's] trial can be factored into our assessment of his actual innocence gateway claim." *Id.* at 1033. The Eleventh Circuit has not yet addressed what constitutes "new" evidence under *Schlup*.

[4] Inmon does not argue that he is entitled to equitable tolling. *See Holland v. Florida*, 560 U.S. 631 (2010).

## III. CERTIFICATE OF APPEALABILITY

Inmon is not entitled to a certificate of appealability (COA). A prisoner seeking a writ of habeas corpus has no absolute entitlement to a COA. 28 U.S.C. § 2253(c)(1). The district court or circuit court must issue a COA. *Id.* To obtain a COA, Inmon must show that reasonable jurists would debate both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petition is time-barred, Inmon cannot satisfy the second prong of the *Slack* test. As Inmon is not entitled to a COA, he is not entitled to appeal in forma pauperis.

The Court therefore **ORDERS** that Inmon's Amended Petition for Writ of Habeas Corpus (Doc. 3) is **DISMISSED as time-barred**. The **CLERK** is directed to enter judgment against Inmon and in Respondent's favor and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on April 5, 2023.

Kathryn Kimball Mizelle
United States District Judge